64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James RUSSELL, Defendant-Appellant.
 No. 94-50600.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1995.
Decided Aug. 17, 1995.
 
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 At the direction of the FBI, a cooperating witness purchased five silencers from Craig H. Runaas at meetings monitored by the FBI. During one such meeting, Runaas informed the cooperating witness that his knowledge of silencer construction was limited and that an associate of his at work, who was more mechanically skilled, had assisted him with manufacturing the silencers.
 
 
 3
 Upon executing a warrant for the search of Runaas's residence, police seized additional silencers and arrested Runaas. He admitted to having built the silencers and named the defendant, James Russell, as his accomplice. Runaas told the officers that arrested him that he and Russell had purchased and divided up a piece of metal tubing and made approximately 13 silencer devices.[1] Runaas also gave the FBI a document from his toolbox with Russell's name, home address, and trade qualifications describing Russell as skilled in toolmaking, grinding, welding, and drafting. The police officers confirmed that Russell did in fact live at the address listed on the paper taken from Runaas's toolbox. Based on the above information and the FBI officers' knowledge of the skills necessary to produce silencers and the materials used in manufacturing them, the officers obtained a search warrant for Russell's residence. Upon execution of this warrant, the officers found seven silencers which appeared to match the silencers obtained from Runaas. Agents also seized two end caps, a mesh baffle, several handguns, a shotgun, and miscellaneous ammunition from Russell's toolbox and the workbench in Russell's garage.[2] Russell was arrested at the scene and read his Miranda rights. He made a statement admitting he manufactured the silencers with Runaas.
 
 
 4
 Russell filed a pre-trial motion to suppress evidence seized at his residence and statements he made after the search. After an evidentiary hearing, the district court denied Russell's motion. At sentencing, the district court refused Russell's request for a downward departure, rejecting Russell's argument that departure "is warranted in this case based on mitigating factors in the totality of circumstances and appellant's single act of aberrant behavior."[3] The district court also denied Russell's motion for release pending appeal under 18 U.S.C. Sec. 3143(b)(2).
 
 DISCUSSION
 
 5
 Russell appeals the district court's denial of his motion to suppress, contending there was not probable cause to issue the search warrant. The district court's denial of a motion to suppress is reviewed de novo. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994).
 
 
 6
 Russell argues that there was insufficient probable basis for the magistrate's issuance of the search warrant because there was no independent corroboration or other indicia of his alleged accomplice's veracity and reliability; the alleged accomplice's statement did not constitute an admission against his penal interest; and the affidavit in support of the warrant failed even to state that the affiant himself believed that the informer was reliable. We conclude that, on the basis of the "totality of circumstances" described above, the magistrate had a substantial basis for determining that probable cause existed. United States v. Bertrand, 926 F.2d 838, 841 (9th Cir.1991). Because we find the warrant to search Russell's home was properly issued, we need not address whether the good faith exception to the exclusionary rule applies to the evidence seized pursuant to the warrant.
 
 
 7
 A magistrate's issuance of a search warrant is reviewed for clear error. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). This court should "uphold [the magistrate's determination] so long as the [magistrate] had a 'substantial basis' for concluding probable cause existed based on the totality of the circumstances." Bertrand, 926 F.2d at 841.
 
 
 8
 In this case, the magistrate was presented with an affidavit in which an individual, who was already under arrest and thereby had little to gain from naming an uninvolved individual, substantially connected Russell to the manufacture of silencers. That individual had given the affiant a detailed explanation of how he and Russell built the silencers as well as of his relationship with Russell at Russell's last place of employment. Runaas's statement did not work to exculpate him or shift blame. Rather, it served to involve an additional person in the criminal enterprise, an associate of Russell's of whose existence the police were already aware. Lastly, there is no rule in this circuit that the affidavit upon which the magistrate relies in issuing a search warrant must include an explicit statement that the affiant himself believes that the informer is reliable.
 
 
 9
 The district court made no finding that aberrant behavior or any other circumstance does not "constitute a permissible basis for departure." United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1665 (1993). Instead, the district court found there was "just, frankly, nothing exceptional here to justify a downward departure." A district court's discretionary decision not to depart from the Sentencing Guidelines is not reviewable by this court "unless the district court believed that it did not have legal authority to depart." United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994). There is no question that the district court was well aware of its legal authority to depart and exercised its discretion to refuse to do so. In its order, the district court explicitly recognized its discretion, stating: "The court recognizes it had discretion to downward depart, but concludes that downward departure is not warranted in this case."
 
 
 10
 Russell also claims he was entitled to bail pending appeal. Because we find that the district court properly denied the motion to suppress and affirm the conviction, this issue is moot. Accordingly, the district court's decision is
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Russell does not deny his participation in the manufacture of the silencers
 
 
 [2]
 The process for manufacturing firearms silencers requires the use of tubes, screen mesh, baffles, machining tools, and other assorted components
 
 
 [3]
 We understand this to be an argument that mitigating circumstances existed in this case which justify a downward departure as discussed in the Sentencing Guidelines, Ch. 1, Part A, Introduction, para. 4(d) or based upon other grounds for departure pursuant to U.S.S.G. Sec. 5K2.0